**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara A Fox, | No. CV-13-00116-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Primary Financial Services LLC, et al., | |
| Defendants. | |

Defendant Primary Financial Services LLC ("Primary Financial") has filed a motion for summary judgment and statement of facts in support. Doc. 29. The motion has been fully briefed. For the reasons stated below, the motion will be denied.[1]

**I.  Background.**

Plaintiff Barbara Fox began working for Primary Financial in September 2008 as a collections agent. Doc. 33 at 1. For two years, from 2008 to 2010, Plaintiff worked on "Lines and Loans" accounts, where she attempted collections of secured and unsecured debts for a major bank client of Primary Financial. *Id*. at 2. Plaintiff's rate of commission for the collections was 35%. *Id*.

In November 2010, Plaintiff took leave under the Family and Medical Leave Act ("FMLA") for a pregnancy and the expected birth of her child. *Id*. at 1. She was on leave until February 2011, at which time she returned to Primary Financial, again as a

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

collector. *Id.* at 2. Upon her return, Plaintiff was assigned to accounts servicing credit card companies, rather than returning to the Lines and Loans accounts she had been servicing prior to her leave. On the credit card accounts, her rate of commission was 28%. *Id.* Thereafter, Plaintiff asserts that she suffered a "precipitous reduction in both commissions and income," receiving no commission at all for seven out of the nine months that followed her return from FMLA leave. *Id.* Plaintiff claims that her assignment to the Credit Card Department constitutes a substantive denial of her right to reinstatement under the FMLA. Doc. 1, ¶ 34.

**II.    Legal Standard.**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are jury functions, not those of a judge . . . [t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor" at the summary judgment stage. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)); *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999) ("Issues of credibility, including questions of intent, should be left to the jury.") (citations omitted); *Sec. & Exch. Comm'n v. Koracorp Indus., Inc.*, 575 F.2d 692, 698 (9th Cir. 1978) (reversing summary judgment and stating that "[t]he courts have long recognized that summary judgment is singularly inappropriate where credibility is at issue").

**III.   Analysis.**

"The FMLA provides job security and leave entitlements for employees who need to take absences from work for personal medical reasons." *Xin Liu v. Amway Corp.*, 347

1  F.3d 1125, 1132 (9th Cir. 2003) (citing 29 U.S.C. § 2612). The Act creates two
2  interrelated substantive rights for employees. *Bachelder v. America West Airlines, Inc.*,
3  259 F.3d 1112, 1122 (9th Cir. 2001). First, qualifying employees may take unpaid leave
4  for up to 12 weeks each year, provided they have worked for the covered employer for 12
5  months. 29 U.S.C. § 2612(a). Second, an employee who takes FMLA leave "has the
6  right to be restored to his or her original position or to a position equivalent in benefits,
7  pay, and conditions of employment upon return from leave." *Xin Liu*, 347 F.3d at 1132
8  (citing 29 U.S.C. § 2614(a)).

9  An employee's right to be reinstated under the Act "is the linchpin of the
10 entitlement theory because the FMLA does not provide leave for leave's sake, but instead
11 provides leave with an expectation that an employee will return to work after the leave
12 ends." *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011) (internal quotes
13 and citations omitted). "Evidence that an employer failed to reinstate an employee who
14 was out on FMLA leave to her original (or an equivalent) position establishes a prima
15 facie denial of the employee's FMLA rights." *Id*.; 29 C.F.R. § 825.220(b). The elements
16 of a reinstatement claim require the employee to establish that (1) she was eligible for the
17 FMLA's protections, (2) her employer was covered by the FMLA, (3) she was entitled to
18 leave under the FMLA, (4) she provided sufficient notice of her intent to take leave, and
19 (5) her employer denied her FMLA benefits to which she was entitled. *Sanders*, 657 F.3d
20 at 778 (citing *Burnett v. LFW Inc.*, 472 F.3d 471, 477 (7th Cir. 2006); *Hoge v. Honda
21 Am. Mfg., Inc.*, 384 F.3d 238, 244 (6th Cir. 2004)). The right to reinstatement under the
22 Act is not limitless. *Id*. The FMLA does not entitle the employee to any rights, benefits,
23 or positions he or she would not have been entitled to had he or she not taken leave. 29
24 U.S.C. § 2614(a)(3)(B). It simply guarantees that an employee's taking leave will not
25 result in adverse employment actions.

26 The employer's intent is irrelevant to a determination of liability in an interference
27 claim. *Sanders*, 657 F.3d at 778. Once a plaintiff has shown that she has not been
28 reinstated to her previous position, the burden shifts to the employer "to show that he had

a legitimate reason to deny an employee reinstatement." *Id*. at 780.

Primary Financial argues that Plaintiff was reinstated to the same position – collector – but simply assigned different clients. Doc. 38 at 3. Primary Financial argues that Plaintiff does not dispute that she still carried the job title of "collector" after her FMLA leave, and that there is, therefore, no material dispute that she was reinstated to her pre-FMLA position. *Id*. In the alternative, Primary Financial argues that even if Plaintiff was not reinstated to her old position upon her return, her position as a collector of credit card accounts was at least equivalent.

Plaintiff argues that she was assigned to a different department that offered lower commissions than the department in which she previously worked, and that the new job was not the same or an equivalent opportunity. Primary Financial disputes that it has different departments and argues that Plaintiff was merely assigned different types of accounts upon her return. But Plaintiff has submitted a "Change Notice" from Primary Financial dated February 1, 2011 that appears to formalize her move from the Lines and Loans Department to the Credit Card Department. Doc. 33-2 at 7.

Plaintiff also argues that the commissions that she could earn in the Credit Card Department were lower than those in her former position in Lines and Loans. Doc. 33 at 5. Primary Financial does not dispute that her commission dropped from 35% to 28%. Doc. 29 at 6. Instead, Primary Financial argues that she had the opportunity to earn just as much in Credit Cards because the rate of collection was much higher. Doc. 29 at 10. Plaintiff submits evidence that she in fact received far less in commission in her post-FMLA leave position. Doc. 33 at 2.

The Court must deny summary judgment if Plaintiff's evidence raises a genuine dispute of fact. In making that determination, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. Accepting Plaintiff's evidence as true and viewing it in a light most favorable to her position, Plaintiff has raised factual issues that prevent the Court from entering summary judgment in Defendants' favor.

1 **IT IS ORDERED** that Defendant's motion for summary judgment (Doc. 29) is
2 **denied**. The Court will set a final pretrial conference by separate order.
3 Dated this 3rd day of March, 2014.

_____
David G. Campbell
United States District Judge